UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GEETA UMADAT, on behalf of herself and
all other persons similarly situated,

                      Plaintiff,                              **COMPLAINT**

  -against-

COSTCO WHOLESALE CORPORATION,        *Class Action Complaint*

                      Defendant.
------------------------------------------------------------------------X

       Plaintiff, GEETA UMADAT ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, COSTCO WHOLESALE CORPORATION ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

       1.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendant who were employed Defendant as hourly-paid manual workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law § 191.

       2.      Defendant operates approximately 19 warehouses and stores located throughout New York State including warehouses located in Commack; Holbrook, Lawrence, Melville, Nesconset, Riverhead, Westbury, Oceanside, Rego Park, Long Island City, Brooklyn, Manhattan, Nanuet, New Rochelle, Port Chester, Rochester, Staten Island, Syracuse, and Yonkers.

       3.      Defendant employs non-exempt hourly-paid manual workers at its warehouse locations including, but not limited to, cashiers, cashier assistants, stockers, food service

1

assistants, bakery wrappers, service deli assistants, bakers, cake decorators, forklift drivers, meat cutters, receiving clerks, tire installers, sanitation assistants and maintenance workers.

4. Defendant's hourly-paid employees who work as cashiers, cashier assistants, stockers, food service assistants, bakery wrappers, service deli assistants, bakers, cake decorators, forklift drivers, meat cutters, receiving clerks, tire installers, sanitation assistants and maintenance workers are "manual workers" within the meaning of Labor Law § 190(4).

5. At all relevant times, Defendant failed to timely pay manual workers including Plaintiff their wages within seven calendar days after the end of the week in which their wages were earned, thereby resulting in an underpayment at the time such wages were due but not paid. Instead, Defendant has compensated Plaintiff and all other manual workers on a bi-weekly basis. In this regard, Defendant failed to provide timely wages to Plaintiff and all other similarly situated manual workers in violation of New York Labor Law § 191.

6. Plaintiff brings this action on behalf of herself and all other similarly situated current and former employees of Defendant who were employed as hourly-paid manual workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law § 191.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. The members of the proposed class are citizens of states different from that of Defendant.

9. There are over 100 members in the proposed class.

10. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendant conducts business in this district.

## PARTIES

11. Plaintiff is a citizen of the State of New York.

12. At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law § 190(2) and a "manual worker" within the meaning of Labor Law § 190(4).

13. Defendant is a foreign corporation organized and existing under the laws of State of Washington with corporate headquarters located in the state of Washington.

14. At all times relevant, Defendant was an "employer" within the meaning of Labor Law § 190(3).

## FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendant as a non-exempt hourly-paid worker in the merchandising department from in or about 1999 to on or about July 12, 2021.

16. Plaintiff was generally responsible for sorting, folding, arranging and displaying merchandise. Thus, Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

17. During her employment, over twenty-five percent of Plaintiff's duties required physical tasks, including but not limited to bending, lifting, folding, walking, carrying, and standing for long periods of time.

18. Defendant failed to pay Plaintiff and similarly situated manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."

19. Defendant paid Plaintiff and similarly situated manual workers on a bi-weekly or semi-monthly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

20. Defendant failed to timely pay Plaintiff and Class Members within seven days after the end of the workweek in which the wages were earned, thereby resulting in an underpayment at the time such wages were due but not paid.

21. Defendant employs and has employed hourly-paid stockers who are responsible for moving stock from the backroom to the sales floor; stocking and straightening merchandise for sale in the warehouse; clearing and cleaning aisles, backroom and receiving area; and assisting customers and/or members. Over twenty-five percent of the stocker's duties require physical tasks, including but not limited to bending, lifting, walking, carrying, and standing for long periods of time.

22. Defendant employs and has employed hourly-paid cashier assistants who pack customer member's orders into boxes and transfer items to a separate cart for cashiers, perform cleanup, cart retrieval, merchandise restocking and runs for items. Over twenty-five percent of the cashier assistant's duties require physical tasks, including but not limited to, bending, lifting, carrying, pushing, pulling, walking; and standing for long periods of time.

23. Defendant employs and has employed hourly-paid cashiers who process customer member orders; collect payment; perform clean up and department set-up and closing procedures. Over twenty-five percent of the cashier's duties require physical tasks, including but not limited to, bending, lifting, carrying, pushing, pulling, walking; and standing for long periods of time.

24. Defendant employs and has employed hourly-paid meat cutters who cut, trim, and prepare raw meat for sale using saws, knifes, grinders and tenderizers; operate and clean the meat grinder; and clean the food preparation area. Over twenty-five percent of the meat cutter's duties

require physical tasks, including but not limited to, cutting, sawing, grinding, bending, lifting, carrying, pushing, pulling, walking; and standing for long periods of time.

25. Defendant employs and has employed hourly-paid food service assistants who prepare food, pull and stock supplies and ingredients, clean the kitchen and eating area, and serve customer members food and beverages. Over twenty-five percent of the food service assistant's duties require physical tasks, including but not limited to, bending, lifting, carrying, pushing, pulling, walking; and standing for long periods of time.

26. Defendant employs and has employed hourly-paid cake decorators who cut, fill and ice cakes, decorate cakes using pastry bags and tips, package cakes, and clean equipment and the bakery area. Over twenty-five percent of the cake decorator's duties require physical tasks, including but not limited to, bending, lifting, packaging, cleaning, carrying, pushing, pulling, walking; and standing for long periods of time.

27. Defendant employs and has employed hourly-paid bakery wrappers who weigh, wrap, label and merchandise bakery products. Over twenty-five percent of the bakery wrapper's duties require physical tasks, including but not limited to, bending, lifting, wrapping, labeling, carrying, pushing, pulling, walking; and standing for long periods of time.

28. Defendant employs and has employed hourly-paid service deli assistants who prepare, package, and label meals, entrees, salads, party trays, rotisserie chicken, ribs, sushi, and sliced meats and cheeses. Over twenty-five percent of the deli assistant's duties require physical tasks, including but not limited to, bending, lifting, wrapping, packaging, labeling, carrying, pushing, pulling, walking; and standing for long periods of time.

29. Defendant employs and has employed hourly-paid tire installers who balance, install, and rotate tires; repair tires; stock tires; and clean the automotive bay and surrounding

area. Over twenty-five percent of the tire installer's duties require manual tasks including but not limited to, bending, lifting, carrying, pushing, pulling, walking; and standing for long periods of time.

30. Defendant employs and has employed hourly-paid maintenance workers who maintain the warehouse. Over twenty-five percent of the maintenance worker's duties require physical tasks, including but not limited to, bending, lifting, carrying, pushing, pulling, climbing, walking; and standing for long periods of time.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

31. Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as non-exempt hourly-paid manual workers including, but not limited to cashiers, cashier assistants, stockers, food service assistants, bakery wrappers, service deli assistants, bakers, cake decorators, forklift drivers, meat cutters, receiving clerks, tire installers, sanitation assistants and maintenance workers in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

32. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay and dates of employment for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

33. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over one hundred (100) individuals who are currently, or have been, employed by the Defendants as hourly-paid manual workers at any time during the six (6) years prior to the filing of this Complaint.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

35. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

36. Plaintiff is able to fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

37. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

38. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

39. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

40. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### New York Labor Law - Frequency of Pay Violation
### Failure to Pay Timely Wages in Violation of Section 191

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Plaintiff and Class Members are manual workers within the meaning of the New York Labor Law.

43. Defendant paid Plaintiff and Class Members bi-weekly or semi-monthly.

44. Defendant was required to pay Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

45. Defendant failed to timely pay Plaintiff and Class Members within seven days after the end of the workweek in which the wages were earned, thereby resulting in an underpayment at the time such wages were due but not paid.

46. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law;

    (iv.)    Liquidated damages pursuant to NYLL § 198 (1-a);

    (v.)    Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

    (vi.)    Pre-judgment and post-judgment interest as permitted by law; and

    (vii.)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       August 26, 2021

                        LAW OFFICE OF PETER A. ROMERO PLLC

             By:    */s Peter A. Romero*
                        _____
                        Peter A. Romero, Esq.
                        490 Wheeler Road, Suite 250
                        Hauppauge, New York 11788
                        Tel. (631) 257-5588
                        promero@romerolawny.com

                        *Attorneys for Plaintiff*